IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>DOBSON BROTHERS CONSTRUCTION COMPANY, and DOBSON BROTHERS CONSTRUCTION COMPANY, INC.,<br><br>Defendants. | 8:18CV161<br><br>ORDER |

This matter is before the Court upon Zurich American Insurance Company and American Guarantee and Liability Insurance Company's (collectively, "Zurich") Motion to Compel Production of Subpoenaed Documents. ([Filing No. 13](#).) The motion will be granted.

**BACKGROUND**

On January 6, 2017, the United States District Court for the Northern District of Illinois entered judgment in favor of Zurich against Dobson Brothers Construction Company ("Dobson") in the amount of $616,362.37, plus interest. ([Filing No. 1](#).) The judgment was registered in this Court on December 13, 2017. (*[Id](#)*.)

According to Zurich, post-judgment discovery revealed that Dobson extended shareholder loans to Sam Olson ("Olson"), Dobson's chairman and CEO, and that Olson still owes Dobson $487,228.00 on these loans. Zurich maintains that Olson has refused to pay Zurich, claiming that he discharged all of his $487,228.00 obligation to Dobson by (1) quitclaiming a piece of real property worth $366,039.28 to Cornerstone Bank to reduce Dobson's debt with the bank; (2) personally paying $102,936.54 of Dobson's debts; and (3) contributing $18,252.00 of his personal Wells Fargo stock to reduce Dobson's debt with Cornerstone Bank. ([Filing No. 15-3](#).)

In an effort to ascertain whether Olson's alleged actions entitle him to a discharge, Zurich issued several subpoenas to produce documents and a subpoena to testify at a deposition. On February 1, 2018, Zurich served a subpoena upon Lutz & Company, P.C. ("Lutz"), an accounting firm that advised Dobson and Olson. The subpoena requests the production of tax-related documents regarding Dobson and Olson. ([Filing No. 3](#).) According to Zurich, Lutz is willing to cooperate with the subpoena, but refuses to produce the documents absent a court order because Lutz has been unable to secure Dobson and Olson's consent for release of the documents. ([Filing No. 15](#).)

## DISCUSSION

Zurich requests that the Court compel Lutz to produce information related to Dobson and Olson as requested in the subpoena. Federal Rule of Civil Procedure 69 provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person." [Fed. R. Civ. P. 69(a)(2)](#). However, a heightened showing of relevance and necessity is required for discovery of tax information. *See* [*Home Instead v. Florance*, No. 8:12CV264, 2013 WL 5979629, \*9 (D. Neb. Nov. 8, 2013)](#). When assessing whether this showing has been made, the court first determines if the moving party has established that the tax information is relevant. [*Id*](#). "If relevancy is shown, the responding parties must produce the [information] unless they show there is no compelling need for production . . . ; that is, the relevant information . . . is readily obtainable from another source." [*Id*](#). (internal quotation omitted).

The Court finds that the requested information is relevant and should be produced. Zurich's judgment against Dobson remains outstanding. Discovery has revealed that Olson owed Dobson $487,228.00 as of 2016. However, Olson claims that he discharged this obligation by (1) quitclaiming a piece of real property worth $366,039.28; (2) personally paying $102,936.54 of Dobson's debts; and (3) contributing $18,252.00 of his personal Wells Fargo stock to reduce Dobson's debt. The requested documents would provide more information regarding these alleged actions. Moreover, Lutz, Olson and Dobson have made no effort to demonstrate that there is no compelling need for production of the information. They have not responded to Zurich's Motion to Compel.

Accordingly,

**IT IS ORDERED** that Zurich's Motion to Compel Production of Subpoenaed Documents ([Filing No. 13](#)) is granted. Lutz shall produce the requested documents within ten (10) days of this Order.

Dated this 31st day of May, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge